IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSEPH RAMANDA JONES,
        Plaintiff,

vs.                                  Case No. 5:11cv78/RS/EMT

RANDY KENT and MARK MALLORY,
        Defendants.

## REPORT AND RECOMMENDATION

This case is before the court upon Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 and supporting memorandum of law (Docs. 1 & 2). Leave to proceed in forma pauperis has been granted, and the initial partial filing fee has been paid (Docs. 7 & 8).

Since Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id., 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground may be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." Id. at 327, 109 S. Ct. at 1833; Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed.2 d 340 (1992); Williams v. Secretary for Department of Corrections, 131 Fed. Appx. 682, 2005 WL

1130351 (11th Cir. 2005) (citing Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (internal quotations omitted)).

Because the language of § 1915(e)(2)(B)(ii) tracks the language of FED. R. CIV. P. 12(b)(6), dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *See* Pielage v. McConnell, 516 F.3d 1282 (11th Cir. 2008). Plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," and his complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964–65, 1973 n.14, 167 L. Ed. 2d 929 (2007) (declining to apply a heightened pleading standard, and abrogating Conley v. Gibson, 355 U.S. 41, 47, 78, S. Ct. 99, 2 L. Ed. 2d 80 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45–46, 78 S. Ct. 99.)) A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003)). Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant. Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing Hall v. United Ins. Co. Of Am., 367 F.3d 1255, 1263 (11th Cir. 2004)). Upon review of Plaintiff's complaint, the court concludes that Plaintiff's claim is not actionable at this time and that sua sponte dismissal is warranted. Vanderberg v. Donaldson, 259 F.3d 1321, 1323 (11th Cir. 2001).

In his complaint, Plaintiff names Calhoun County Sheriff's Deputy Mark Malloy and confidential informant ("CI") Randy Kent as Defendants. Plaintiff asserts that CI Kent approached Deputy Malloy looking for "work" as a confidential informant (Doc. 1 at 5). After discussion with Malloy, Kent called Plaintiff from Kent's personal cell phone and set up a cocaine purchase (*id.*). The transaction took place the following day (*id.*). After a brief chase, Plaintiff was arrested and ultimately convicted of "sale of cocaine [within] 1,000 feet from a school or church and fleeing and eluding a law enforcement officer" (*id.* at 5–6). Plaintiff is still incarcerated as a result of these

convictions.[1]  Plaintiff asserts that his due process rights were violated because the confidential informant was paid a total of $130.00 for his role in setting up and conducting the drug transaction (*id.* at 7).  In his memorandum, Plaintiff argues that his conviction was achieved through entrapment.  He claims that Deputy Malloy was "coerced by a known prior felon and drug abuser to set up another citizen for arrest" (Doc. 2 at 5) and also that CI Jones took advantage of the fact that Plaintiff was unemployed and in need of money and encouraged him to deliver drugs (*id.* at 7). Plaintiff indicates that he does not seek monetary damages at this time, but rather a declaratory judgment finding that Defendants violated his constitutional rights (*id.*).

Plaintiff's claim regarding the alleged violation of his constitutional rights is not actionable under section 1983 since it is in the nature of habeas corpus.  The Supreme Court stated in <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 490, 93 S. Ct. 1827, 1836, 36 L. Ed. 2d 439 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983."  Regardless of the label Plaintiff may place on the action, any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus claim.  <u>Prather v. Norman</u>, 901 F.2d 915, 918–19 n.4 (11th Cir. 1990) (per curiam); <u>McKinnis v. Mosely</u>, 693 F.2d 1054, 1057 (11th Cir. 1982).  Here, a successful claim of entrapment would necessarily invalidate Plaintiff's conviction.  This court may not reconstrue Plaintiff's submission as a habeas petition because 28 U.S.C. § 2254(b) requires that before a federal court may consider a petition for writ of habeas corpus, a state prisoner must first present to the state courts for consideration each issue upon which he seeks review in federal court.  <u>Rose v. Lundy</u>, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982); <u>Picard v. Connor</u>, 404 U.S. 270, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971).  And, presentation to the trial court is insufficient as Plaintiff may file an appeal at the state level from an adverse decision of the lower court in this matter.  *See* FLA. CONST., art. V, § 4; FLA. R. APP. P. 9.110.

Based upon the Supreme Court decision in <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the claim should be dismissed.  The Court in <u>Heck</u> stated that an

---

1. *See* http://www.dc.state.fl.us/ActiveInmates/detail.asp?Bookmark=1&From=list&SessionID=392076969.

Case No: 5:11cv78/RS/EMT

action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486–87, 114 S. Ct. at 2372. Such actions would include those in which the plaintiff seeks damages directly attributable to his conviction or confinement, the plaintiff must negate an element of the offense of which he has been convicted in order to prevail, or the plaintiff contends that the statute under which he was convicted is unconstitutional. *Id.*; Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003); *cf.* Porter v. White, 438 F.3d 1294 (11th Cir. 2007) (plaintiff brought § 1983 action after criminal conviction was overturned due to Brady violation). Absent such an invalidation, the section 1983 suit must be dismissed. Heck, 512 U.S. at 486–87, 114 S. Ct. at 2372; *see also* Harden v. Pataki, 320 F.3d 1289, 1295 (11th Cir. 2003); Hughes, 350 F.3d at 1160.

The holding in Heck is applicable to the instant civil rights claim where Plaintiff claims that he was entrapped into committing the offense of conviction, because entrapment would provide a complete defense to the charges. *See* Christy v. Sheriff of Palm Beach County, Fla., 288 Fed.Appx. 658 (11th Cir. 2008); Kramer v. Village of North Fond du Lac, 384 F.3d 856, 862 (7th Cir. 2004); *see also* Most v. Bersin, 145 F.3d 1339 (9th Cir. 1998) (unpublished); Paulus v. Light, 121 F.3d 709 (6th Cir. 1997) (unpublished). The fact that Plaintiff does not seek monetary damages "at this time" for the alleged constitutional violation is inconsequential, and his case should be dismissed without prejudice to its refiling in the event Plaintiff's conviction is overturned.

Accordingly, it is respectfully **RECOMMENDED**:

That this case be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 20th day of May, 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).